**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JIANWEI ZHANG,

              Petitioner,

   v.

ERIC H. HOLDER, Jr., Attorney General,

              Respondent.

No. 13-70587

Agency No. A088-196-605

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 23, 2014[**]

Before:     W. FLETCHER, RAWLINSON, and CHRISTEN, Circuit Judges.

     Jianwei Zhang, a native and citizen of China, petitions for review of the

Board of Immigration Appeals' order dismissing his appeal from an immigration

judge's decision denying his application for asylum, withholding of removal, and

protection under the Convention Against Torture ("CAT").  We have jurisdiction

---

     [*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

     [**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).  Thus, we deny Zhang's request for oral argument.

under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings applying the standards governing adverse credibility determinations created by the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010). We deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on the inconsistencies in the record regarding Zhang's work and educational history, whose work unit Zhang and his wife visited to apply for a birth permit, and the inconsistency regarding when Zhang's wife was dismissed from work. *See id.* at 1048 (adverse credibility determination was reasonable under the "totality of circumstances"). Zhang's explanations do not compel the contrary result. *See Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir. 2000). In light of this conclusion, we reject Zhang's contention that his testimony alone was sufficient to meet his burden of proof.

Substantial evidence also supports the agency's finding that Zhang failed to corroborate his claim. *See Ren v. Holder*, 648 F.3d 1079, 1094 (9th Cir. 2011) (evidence did not compel the conclusion that petitioner met his burden of proof). We reject Zhang's contention that corroboration should not be required because he did not have it and could not obtain it. *See Shrestha*, 590 F.3d at 1047 (explaining under the REAL ID Act the court may not reverse the agency's finding that

petitioner should corroborate his claims unless "a reasonable trier of fact is compelled to conclude that such corroborating evidence is unavailable").

Thus, Zhang's asylum and withholding of removal claims fail.

Finally, Zhang's CAT claim also fails because it is based on the same testimony that the agency found not credible, and Zhang does not point to any other evidence in the record that compels the finding it is more likely than not he would be tortured by or with the consent or acquiescence of the Chinese government. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156-57 (9th Cir. 2003).

**PETITION FOR REVIEW DENIED.**

13-70587